```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE
```

Thomas Gerard Larose

    v.                                                                         Civil No. 09-cv-00268-JL

State of New Hampshire[1]

**REPORT AND RECOMMENDATION**

Before the court is pro se petitioner Thomas Gerard Larose's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

---

[1] Larose, a parolee, has named the State of New Hampshire as the respondent. The proper respondent is the petitioner's custodian. See 28 U.S.C. § 2243; Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir. 2000). Larose is on parole from the State Prison and is in the custody of the New Hampshire Adult Parole Board ("APB"). See N.H. Rev. Stat. Ann. ("RSA") § 651-A:4, II. I construe the petition liberally as naming the APB, not the State, as the respondent.

Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review. In a preliminary review, pro se pleadings are construed liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curium) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, Erickson, 551 U.S. at 94, and any inferences reasonably drawn from them. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5–6 (1st Cir. 2005). This review ensures that pro se pleadings are given fair and meaningful consideration.

Background

In October 2004, while on probation for a Massachusetts drug possession conviction, Larose met Donna Johnson at the home of a mutual friend and smoked crack cocaine with her. Johnson gave Larose a ride home afterwards. They exchanged phone numbers, but had no further contact until April 27, 2005. At some point, Johnson became a confidential informant for the Nashua Police Department.

Larose told his probation officer in Massachusetts about his recent drug use, and a probation violation hearing was scheduled for January 2005. The probation officer agreed to continue the hearing, conditioned on Larose's good behavior, after Larose made commitments both to the probation officer and to Larose's children that he would work hard to conquer his addiction.

On April 27, 2005, Larose went to Nashua, New Hampshire, to attend a friend's funeral and reserved a room at the Red Roof Inn. While eating lunch at a restaurant that day, Larose received a call from Johnson asking him for a favor: supplying her with cocaine that day so that she could complete a sale to a weekly customer of hers, because she did not have time to go to her regular supplier in Massachusetts. Johnson placed the call

in the presence of Nick, an undercover Nashua Police officer.

Larose felt an immediate, physical reaction at the mention of cocaine and the memory of smoking with Johnson. He told her that her call had upset his stomach, and that he was not sure if he wanted to do it. When Johnson asked Larose a second time in the same call, he told her to come by the restaurant. Johnson asked if she could bring Nick, but Larose told her to come alone.

Johnson picked Larose up at the restaurant and drove with him to the Extended Stay Hotel. State v. Larose, 157 N.H. 28, 32, 944 A.2d 566, 569 (2008). Larose went into the hotel with Johnson's money and returned with cocaine; he kept a package for himself and later snorted it. Id. Johnson gave Nick the cocaine that she had purchased, and the police paid her $30.00 for her services.

That evening, Johnson and Larose smoked crack cocaine together in Larose's hotel room. She and Larose smoked cocaine together in the room a number of times between April 27 and May 2, 2005. Johnson brought customers, cash, paraphernalia, and drugs to Larose's room. She helped pay for the room and encouraged Larose to stay in Nashua. Larose suffered a complete relapse into active crack cocaine addiction during this time

period.

On May 2, 2005, Johnson called Larose and gave him the number of her friend Nick. Larose, "'completely strung out on drugs,'" called Nick. Id. (quoting Larose's testimony). Johnson received $50.00 from the Nashua Police Department for her services on May 2. After May 2, Nick had no further contact with Johnson.

Larose sold cocaine to Nick on five occasions from May 2 through June 7, 2005. After the fifth sale, the police arrested Larose.

Larose was indicted on five counts of the sale of a controlled drug, subsequent offense, under RSA § 318-B:2, relating to his sales to Nick on May 2, May 12, May 24, June 2, and June 7, 2005. Larose was not indicted for the April 27 sale to Johnson. Larose pleaded not guilty, intending to assert an entrapment defense at trial.

Prior to trial, Larose's counsel filed a motion for discovery regarding Johnson, stating that Larose intended to call her as a witness for an entrapment defense. In March 2006, the motion was denied without prejudice to him renewing the motion upon a specific showing of facts, expected to be elicited at

trial, that would establish entrapment.

On June 2, 2006, Larose's counsel filed a motion to determine status of counsel, informing the court that counsel and Larose disagreed on trial strategy and requesting a hearing to resolve the issue.  On June 5, 2006, the trial judge allowed Larose to proceed pro se and directed counsel to remain available in stand-by status.  Larose's request for a one month continuance thereafter was denied.  Jury selection occurred that afternoon, and the trial was scheduled to begin a week later, on June 12, 2006.

On June 7, Larose renewed his motion for discovery relating to Johnson and filed a second motion for discovery relating to William Wood, a defendant separately indicted for conspiracy in connection with the May 12 drug sale.  Wood was tried and convicted on the conspiracy charge in October 2006.

The judge in Larose's trial granted the discovery motion as to Wood before trial, but deferred a ruling on the motion relating to Johnson.  After the State inadvertently "opened the door" relating to Johnson at trial, the judge ordered the State to produce the discovery, including Johnson's criminal record check, and ordered her to appear as a witness.

The State's production of discovery as to Wood consisted only of a prosecutor's summary of the substance of two witnesses' expected testimony, essentially duplicating reports already in Larose's possession.  The production of discovery as to Johnson was similarly scant.  The State never produced a criminal record check for her and, at the end of trial, turned over for the first time a receipt and corresponding police reports demonstrating that she had been paid for her services on May 2, 2005.

The trial judge declined to instruct on entrapment, and the jury convicted Larose on all five counts.  The judge sentenced Larose to serve three concurrent 2½ to 5 year prison sentences and suspended two additional sentences, to be served consecutively to his sentence on the first three counts and concurrently to one another, if imposed.

Larose appealed his conviction to the New Hampshire Supreme Court ("NHSC") and appeared pro se by brief.  The NHSC appointed counsel to represent Larose at oral argument.  The NHSC affirmed the conviction in a decision issued on March 20, 2008.  See State v. Larose, 157 N.H. 28, 944 A.2d 566 (2008).  On August 13, 2008, the NHSC denied Larose's motion for reconsideration.  Larose, currently on parole, filed this petition for a writ of habeas

corpus under 28 U.S.C. § 2254.

The section 2254 petition includes the following claims:

1.  Larose was denied compulsory process in violation of the Sixth and Fourteenth Amendments, with respect to Johnson, the confidential informant ("CI").

2.  Larose was denied timely and complete discovery relating to the CI and to a co-defendant, in violation of Larose's right to due process under the Fourteenth Amendment.

3.  The failure to instruct the jury on entrapment violated Larose's right to due process under the Fourteenth Amendment.

4.  Larose suffered a denial of due process under the Fourteenth Amendment when he was effectively excluded from oral argument on issues that he had briefed, pro se, before the NHSC; the NHSC denied Larose's motion for transport to appear at oral argument, and counsel appointed to represent him at oral argument failed to meet with him beforehand.

5.  Larose suffered a Due Process Clause violation under the Fourteenth Amendment and cruel and unusual punishment under the Eighth Amendment relating to:  the State subpoenaing him to testify in the co-defendant's case while he was in prison, the State threatening to charge him with conspiracy for the sales underlying his convictions if he did not testify against Wood, and his being threatened, attacked, and labeled as an informant thereafter.

Discussion

I.  <u>Compulsory Process (Claim I)</u>

Under the Compulsory Process Clause of the Sixth Amendment, applicable to the States through the Fourteenth Amendment, criminal defendants have the right to secure the government's

assistance in compelling the attendance of favorable witnesses at trial. Taylor v. Illinois, 484 U.S. 400, 408-09 (1988). Larose's claim that he was denied compulsory process as to Johnson is without merit. The trial judge initially denied the motion for discovery relating to Johnson without prejudice, expressed doubt about the renewed motion, but ordered that Johnson be available to testify, and ultimately granted the motion for discovery and permitted Larose to call Johnson to the stand. Thus, Larose's claim that he was denied compulsory process should be dismissed as meritless. See 28 U.S.C. § 2254(b)(2) (unexhausted habeas claim may be denied on merits); Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

II. Oral Argument Procedures (Claim IV)

Larose also claims that he suffered a violation of his constitutional rights when the NHSC scheduled oral argument on his direct appeal, notwithstanding his pro se waiver of argument; denied his motion for transport to attend argument; and appointed

counsel -- who never met with Larose -- to represent him at oral argument. As a result, Larose suffered undue stress. All of these factors, taken together, allegedly denied Larose due process. Applying the pertinent rules, I recommend that the claim be dismissed.

Unpacking the claim, I conclude that Larose has asserted a denial of due process relating to his exclusion from oral argument. An appellate court, however, has discretion to deny a prisoner's motion to appear at oral argument on his appeal. "[A] prisoner has no absolute right to argue his own appeal or even to be present at the proceedings in an appellate court." Price v. Johnston, 334 U.S. 266, 285 (1948), overruled on other grounds by McCleskey v. Zant, 499 U.S. 467 (1991). "Oral argument on appeal is not an essential ingredient of due process and it may be circumscribed as to prisoners where reasonable necessity so dictates." Id. at 286. In addition, the Supreme Court has held that criminal defendants do not have a federal right to represent themselves pro se on appeal. See Martinez v. Cal. Ct. App., 528 U.S. 152, 163-64 (2000).

Therefore, under Martinez, 528 U.S. at 163-64, and Price, 334 U.S. at 285-86, Larose had no federal constitutional right to

attend oral argument in person or to represent himself on appeal. Lacking a right to attend oral argument or to prevent an attorney from being appointed as his representative, Larose suffered no denial of a due process right when his motion for transport was denied.  Accordingly, Larose has no claim, on these facts, that he is being held in custody "in violation of the Constitution or laws or treaties of the United States" sufficient to form the basis for granting a section 2254 petition.  28 U.S.C. § 2254(a).

Construing Larose's petition liberally as additionally asserting an ineffective assistance of appellate counsel claim, I recommend dismissal of the claim.  The relevant standard for evaluating the claim involves a two-pronged showing.  See Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (defendant must show that counsel's performance was objectively unreasonable, and that prejudice resulted).  Larose has made no nonconclusory showing on either prong, alleging no consequence of counsel's failure to meet with him whatsoever other than "undue stress" and a denial of due process.  Petition (doc. no. 1) at 11.  Undue stress is not directly remediable through a habeas petition, and Larose's claim of a denial of due process is a conclusion of law, not an allegation of prejudice.  Accordingly, I recommend dismissal of

the claim as insufficient on its face.  See 28 U.S.C. § 2254(b)(2) (unexhausted habeas claim may be denied on merits).

III. Eighth and Fourteenth Amendment Claim (Claim V)

Larose also asserts that he suffered a violation of his rights under the Fourteenth and Eighth Amendments when the State subpoenaed him to testify in a co-defendant's case while he was in prison; held a hearing without prior notice to determine whether he could properly invoke his right against self-incrimination; and threatened to indict him for conspiracy for the drug sales underlying his convictions if he did not testify. These actions caused Larose to be threatened, attacked, and labeled as an informant.

Larose's claim challenges the legality and fairness of government conduct and his treatment thereafter, outside of the proceedings that resulted in his underlying conviction and sentence.  As such, the claim does not fall within the traditional province of habeas corpus:  challenging the fact or length of confinement, for the purpose of requesting speedier release from confinement.  See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).  Accordingly, I recommend that Larose's claim be dismissed as not cognizable in this § 2254 petition, without

prejudice to his ability to file a complaint citing similar facts, alleging that persons acting under color of state law deprived him of his federal rights under 42 U.S.C. § 1983.

IV. <u>Custody & Exhaustion (Claims II & III)</u>

To be eligible for habeas relief on his remaining claims, Larose must show, for each claim: (1) that he is in custody; and (2) that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes. <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle). Here, Larose's parole status satisfies the custody requirement. <u>See</u> RSA § 651-A:4, II (prisoner on parole is in custody of New Hampshire Adult Parole Board); <u>see also</u> <u>Jones v. Cunningham</u>, 371 U.S. 236, 241-43 (1963).

A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. <u>See</u> <u>Lanigan v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as

to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (internal quotations and citation omitted).

The record before me on exhaustion includes the brief filed by Larose, pro se, in his appeal to the NHSC; the appendix to his appellate brief; his motion for reconsideration of the NHSC decision on his appeal; and the NHSC decision on his appeal.  The brief cites "due process" in addressing the State's late and incomplete discovery.  See Plf's Br. at 5, 25-26 (Ex. to Pet. (doc. no. 1)).  The motion for reconsideration specifically cites Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), two federal cases turning on the defendant's right to receive certain documents under the Due Process Clause in the federal constitution.  These references, among others in the record, were sufficient to alert the NHSC to the federal nature of the due process claim raised here.

Similarly, Larose has demonstrated exhaustion as to his right to an entrapment instruction as a matter of due process under the Fourteenth Amendment.  The motion for reconsideration frames the entrapment instruction issue as a question of Larose's

due process right to a fair trial.  <u>See</u> Larose's Mot. for Reh'g or Recons. per R.22, at 2, 6-7 (Ex. to Petition (doc. no. 1)).  Larose quoted federal cases in his brief filed in the NHSC, including one stating that the Fourteenth Amendment Due Process Clause, along with the Sixth Amendment, is the source of a defendant's right to have the jury instructed on a defense created by state law, <u>see</u> Plf's Br. at 20 (quoting <u>Tyson v. Trigg</u>, 50 F.3d 436, 447-48 (7th Cir. 1995)).  Considering these references and others in the record, I conclude that Larose sufficiently alerted the NHSC to the federal nature of his entrapment instruction claim.

Accordingly, Larose has carried his burden of demonstrating exhaustion as to Claims II and III, denominated above, relating to the inadequacy of the State's production of discovery and the failure to instruct the jury on entrapment.

### Conclusion

I recommend dismissal of Claims I, IV, and V, as enumerated above, asserting a violation of Larose's right to compulsory process; a violation of his rights as to oral argument and the assistance of appellate counsel; and a violation of his rights relating to the State's conduct in coercing him to testify in a

co-defendant's case and the mistreatment he suffered upon being labeled an informant. Larose's § 2254 petition may proceed on the grounds identified as Claims II and III above, asserting a due process violation relating to the State's delayed, incomplete production of discovery relating to the CI and a co-defendant, and the trial judge's failure to instruct the jury on entrapment. I will direct, in my Order issued this date, that those claims be served on the respondent, whom I have construed to be Larose's custodian, the New Hampshire Adult Parole Board.

If this Report and Recommendation is approved, the claims as identified herein will be considered for all purposes to be the claims raised in the petition. If Larose disagrees with the identification of the claims herein, he must do so by filing an objection within ten (10) days of receipt of this notice, or by properly moving to amend the petition.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the district court's order. See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: September 28, 2009

cc: Thomas Gerard Larose, pro se

JRM:nmd