**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

<u>Thomas Gerard Larose</u>

   v.                                                                Civil No. 09-cv-00268-JL

<u>State of New Hampshire</u>[1]

**ORDER**

Before the court is pro se petitioner Thomas Gerard Larose's petition for a writ of habeas corpus (doc. no. 1), filed pursuant to 28 U.S.C. § 2254. The matter is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to conduct preliminary review of pro se pleadings).

As set forth in the Report and Recommendation issued this date, Larose has asserted five claims in support of his petition for a writ of habeas corpus. For reasons stated in my Report and Recommendation issued this date, I have recommended dismissal of

---

[1] Larose, a parolee, has named the State of New Hampshire as the respondent. As explained in my Report and Recommendation, I have construed the petition as naming Larose's custodian, the New Hampshire Adult Parole Board, as the respondent.

Claims I, IV, and V, as enumerated therein. The claims that should be dismissed allege violations of Larose's right to compulsory process; Larose's rights as to oral argument and the assistance of appellate counsel; and Larose's rights relating to the State's conduct in coercing him to testify in a co-defendant's case and the mistreatment he suffered upon being labeled an informant. Larose's § 2254 petition may proceed on the grounds identified as Claims II and III in the Report and Recommendation, asserting a due process violation relating to the State's delayed, incomplete production of discovery relating to the CI and a co-defendant, and the trial judge's failure to instruct the jury on entrapment. Larose's custodian, the New Hampshire Adult Parole Board, whom I have construed to be named as the respondent to the Petition, shall file an answer or otherwise respond to these claims, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rule").

Accordingly, the petition shall be served upon the New Hampshire Adult Parole Board, which shall file an answer or other pleading in response to the allegations made therein. See id. (requiring reviewing judge to order a response to the petition).

The Clerk's office is directed to serve copies of the following documents upon the New Hampshire Office of the Attorney General, as provided in the Agreement on Acceptance of Service: this Order, the Report and Recommendation, and the original habeas petition (doc. no. 1).

The respondent shall file an answer or otherwise respond to the petition within thirty (30) days of the date of this Order. The answer shall comply with the requirements of § 2254 Rule 5.

Upon receipt of the response, the Court will determine whether a hearing is warranted. See § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties. Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date: September 28, 2009

cc: Thomas Gerard Larose, pro se